**BOSTITCH, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1964.**

United States District Court
D. Rhode Island.
June 27, 1958.

Thomas R. Wickersham, Tillinghast, Collins & Tanner, Providence, R. I., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland and Rufus Stetson, Jr., Attys., Dept. of Justice, Washington, D. C., Joseph Mainelli, U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

This is an action to recover excise taxes and interest thereon alleged to have been erroneously assessed and collected from the plaintiff for the period from January 1, 1949 to December 31, 1952. Said taxes were assessed pursuant to the provisions of section 3406(a)(6) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3406(a), (6), as amended, which imposed a tax as follows:

"§ 3406. Excise taxes imposed by the Revenue Act of 1941.

"(a) Imposition. There shall be imposed on the following articles, sold by the manufacturer, producer or importer, a tax equivalent to the rate, on the price for which sold, set forth in the following paragraphs (including in each case parts or accessories of such articles sold on or in connection therewith, or with the sale thereof) * * *

"(6) Business and store machines. * * * portable paper fastening machines, * * * 10 per centum."

During the years involved the plaintiff was and now is engaged in the business of manufacturing and selling various types and models of stapling machines, stapling pliers, stitchers, tackers, hammers, heavy duty fasteners and the like.

The issue to be determined by me is whether each of the following models of machines manufactured and sold by the plaintiff during the aforesaid period is a "portable paper fastening machine" as that phrase is used in said section 3406 (a) (6):

| Model | Machine |
| --- | --- |
| B 5–P | stapling plier |
| P 4–6 | stapling plier |
| P 4–8 | stapling plier |
| P 6–6 | stapling plier |
| P 6–8 | stapling plier |
| P 6–8(PT) | stapling plier with pointed blade |

■ The question presented is novel and apparently one of first impression. In interpreting statutes, words contained therein, unless the contrary intention appears, are to be given their usual, ordinary and commonly understood meaning. Crane v. Commissioner, 1946, 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301; De Ganay v. Lederer, 1918, 250 U.S. 376, 39 S.Ct. 524, 63 S.Ct. 1042. In Crane v. Commissioner, supra, the rule is stated as follows at page 6 of 331 U.S., at page 1051 of 67 S.Ct.:

"* * * In the first place, the words of statutes—including revenue acts—should be interpreted where possible in their ordinary, everyday senses."

"Paper" is defined in Webster's New International Dictionary (2nd ed.) to be "A substance made in the form of thin sheets or leaves from rags, straw, bark, wood or other fibrous material for various uses". And in Funk and Wagnalls New Standard Dictionary "paper" is defined as "A substance consisting essentially of cellulose fibers interwoven into a compact web, made by chemical and mechanical processes from rags, straw, wood, bark and other fibrous material into thin sheets or strips. It is used as a medium for writing and printing. * * *"

■■ Attributing to the word "paper" its usual and ordinary meaning, I am of the opinion that Congress intended by section 3406(a) (6) to impose a tax on portable machines made and sold for the purpose of fastening thin sheets or strips primarily used for writing or printing, such as correspondence, invoices, etc. in offices and stores. Certainly there is no indication of its intent to impose a tax upon machines made and sold to fasten or join substances such as leather, aluminum, spun type insulation, fiberboard, wood and other substances. The testimony in this case established that models P 4–6, P 4–8, P 6–6, P 6–8 and P 6–8(PT) were made and sold for use in a variety of industrial operations in joining or fastening these substances and others of like nature. It further established that plaintiff made and sold staples especially designed for use in these models in joining such substances. These included high carbon steel staples for use on aluminum sheets, copper staples when rust or conductivity was a factor and stainless steel staples where required to produce a desired result. While it is true that these models and the staples suitable therefor could be employed to fasten paper, the results obtained thereby were not entirely satisfactory and not equal to the results produced by other models made and sold

by the plaintiff for the purpose of fastening paper.

In my opinion said models are not portable paper fastening machines within the meaning of said section 3406(a) (6) and were not subject to the tax imposed thereby.

Plaintiff concedes that Model B 5–P is a paper fastening machine but contends that it is not portable within the meaning of said section because it contained a ring for the attachment of a chain thereto. Such a chain was not manufactured by the plaintiff and not sold with the machine. The sole purpose of the chain, it was testified, was to prevent its being stolen or mislaid. Whether such a chain would ever be attached would rest with its buyer. The addition of such a chain would not prevent its being easily moved or carried while being used; its length would be the only limitation on the distances which the machine might be moved. And the attachment of a chain, it was testified, would be wholly unconnected with the efficient operation or use of the machine. In my opinion Model B 5–P is clearly a portable paper fastening machine within the meaning of said section 3406(a) (6) and was subject to the tax imposed thereby upon its sale.

In conclusion, I find that plaintiff's models P 4–6, P 4–8, P 6–6, P 6–8 and P 6–8(PT) are not portable paper fastening machines within the meaning of said section 3406(a) (6), that the taxes assessed with respect thereto were erroneously and illegally assessed that model B 5–P is a portable paper fastening machine within the meaning of said section, and that the taxes assessed with respect thereto were valid.

Within twenty days from the date hereof the parties will present to me a computation of the amount of the refund with interest to which the plaintiff is entitled, in accordance with my conclusions above stated, and thereupon judgment will be entered in its favor in said amount.